IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON J. RODRIGUEZ-DIAZ

    Plaintiff

    v.                                   Civil No. 10-1317 (SEC)

HUMBERTO MARRERO-RECIO, et als.

    Defendants

**OPINION AND ORDER**

Pending before this Court is Plaintiff Nelson Rodriguez-Diaz's ("Plaintiff") motion for reconsideration of the dismissal of the claims against Co-defendant Luis A. Ortiz-Bracero ("Ortiz")(Docket # 21), and a request for leave to amend the complaint (Docket # 22). Ortiz did not oppose. After reviewing the filings, and the applicable law, Plaintiff's motions are **GRANTED**.

**Factual Background**

The facts of the case are set forth in our Opinion and Order dated October 20, 2010. Docket # 16. Therein, this Court partially granted Co-defendants Ortiz and Luis Ledesma-Fonalledas' request for dismissal under FED. R. CIV. P. 12(b)(6), upon finding that Plaintiff failed to set forth specific factual allegations against them to satisfy the pleading requirements required by Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), to wit, that Ortiz and Ledesma were aware of Plaintiff's political affiliation. Accordingly, partial judgment was entered dismissing the claims against Ortiz and Ledesma. Docket # 17.

**CIVIL NO. 10-1317 (SEC)**                                                                 Page 2

On November 2, 2010, Plaintiff filed the present motion for reconsideration and moved to amend the complaint to include specific factual allegations against Ortiz,[1] arguing that there is sufficient evidence to show that Ortiz was aware of Plaintiff's political affiliation. In support thereof, Plaintiff points to Rule 15's liberal policy in granting leave to amend a complaint. Ortiz did not oppose. As a result, on November 22, 2010, Plaintiff moved to deem the motion for reconsideration and leave to amend as unopposed. Docket # 27.

**Applicable Law and Analysis**

Generally, "Rule 15(a) governs a motion to amend a complaint." Fisher v. Kadant, Inc., 589 F.3d 505, 509-511 (1st Cir. 2009). Under said rule, "[t]he court should freely give leave [to amend] when justice so requires." Thus when a motion to amend is entered before formal entry of judgment, the district court should evaluate the motion under the liberal standard of rule 15(a). Torres-Alamo v. Puerto Rico, 502 F.3d 20, 25-26 (1st Cir. 2007) (citing Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). Under this standard, "[a]mendments may be permitted pre-judgment, even after a dismissal for failure to state a claim, and leave to amend is 'freely given when justice so requires.'" Id. (quoting Rule 15(a)).

Notwithstanding, the First Circuit has held that when a "motion to amend is filed after the entry of judgment, the district court lacks authority to consider the motion under Rule 15(a) unless and until the judgment is set aside." Fisher, 589 F.3d at 508. Accordingly, "as long as the judgment remains in effect, Rule 15(a) is inapposite." Id. at 508-509.

In *Palmer*, the plaintiff requested leave to amend only after the district court dismissed her complaint. Palmer, 465 F.3d at 30. There, the First Circuit stated that requests for leave to amend made subsequent to the entry of judgment, "whatever their merit, cannot be allowed

---

[1] Plaintiff chose not to pursue the claims against Ledesma.

**CIVIL NO. 10-1317 (SEC)**                                                                Page 3

unless and until the judgment is vacated ..." Palmer, 465 F.3d at 30. Consequently, a district court lacks "authority to entertain the motion to amend under the aegis of Rule 15(a) without first setting aside the judgment under some rule geared to the accomplishment of that task, say, Rule 59(e) or Rule 60(b)." Fisher, 589 F.3d at 509.

In explaining its reasoning, the First Circuit noted that "to require the district court to permit amendment here would allow plaintiffs to pursue a case to judgment and then, if they lose, to reopen the case by amending their complaint to take account of the court's decision." Fisher, 589 F.3d at 509 (citing James v. Watt, 716 F.2d 71 (1st Cir. 1983). The Court further reasoned that "[s]uch a practice would dramatically undermine the ordinary rules governing the finality of judicial decisions, and should not be sanctioned in the absence of compelling circumstances." Id.

Even a "passing request for contingent leave to file an amended complaint, made in an opposition to a motion to dismiss, is insufficient, in and of itself, to bring a post-judgment motion for reconsideration within the orbit of Rule 15(a)." Fisher, 589 F.3d at 510-511. Instead, a ruling on a motion to dismiss which includes a contingent request for leave to amend the complaint must be evaluated under the more stringent requirements that apply to motions for relief from judgment. Id. at 511. Therefore, the legal standard employed in adjudicating a a request for leave to amend filed after the entry of judgment remains those provided by Rule 59(e) and Rule 60, and not Rule 15. Id.

In opposing Defendants' motion to dismiss, Plaintiff opted to oppose the motion arguing that the complaint stated enough facts to withstand dismissal instead of seeking leave to amend the same in order to cure any factual deficiencies and conform it to the more demanding pleading standards set forth in *Iqbal*. See Perea v. Pereira, No. 09-1156, slip op. at 10 (D.P.R. Jan. 29, 2010). This Court, however, notes that in contrast with the above cited cases, we

**CIVIL NO. 10-1317 (SEC)**                                                                 Page 4

entered a partial judgment dismissing only the claims against Ortiz and Ledesma. That is, the case continues against the remaining co-defendants and discovery has just begun. Moreover, Plaintiff was diligent in seeking reconsideration and moving to amend the complaint, and Ortiz has not opposed said requests. In *Torres-Alamo*, the First Circuit held that amendments may be permitted "even after a dismissal for failure to state a claim," which allows the interpretation that a court may allow an amendment to the complaint at this juncture absent undue delay and prejudice to the defendants. More so when the requested amendments are not futile.

Considering the above, Plaintiff's request to amend the complaint to include specific averments as to Ortiz is **GRANTED**.

**Conclusion**

For the reasons set forth above, Plaintiff's motion for reconsideration and leave to amend are **GRANTED**. Defendants shall file their answers to the amended complaint no later than **1/18/2011**. Ortiz shall include his portion of the Joint Case Management Memorandum and the amended Joint Case Management Memorandum shall be re-filed no later than **2/11/2011**. The rest of the case's deadlines remain unaltered.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of December, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge